■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

ANTHONY DICKINSON, Respondent.—Renewed motion by the defendant to dismiss an appeal by the People from an order of the Supreme Court, Queens County (Friedmann, J.), dated December 3, 1986, which, after a hearing, dismissed the indictment pursuant to CPL 190.50 and 210.35 (4), with leave to the People to resubmit the matter to another Grand Jury.

Ordered that the motion is granted, and the appeal is dismissed, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.17 [h]; 670.4).

The defendant moved in October of 1988, to dismiss the appeal due to the People's failure to file an appendix containing all portions of the record necessary for the determination of their appeal (see, 22 NYCRR 670.17 [h]; CPLR 5528 [a] [5]). The motion was denied with leave to the defendant to renew his argument in his brief "and/or upon oral argument" in response to the People's appeal. Having availed himself of this opportunity, we find that his motion should be granted and the appeal dismissed.

As the appellant herein, it was the responsibility of the People to serve an appendix containing all relevant portions of the record necessary to enable this court to render an informed determination of the merits of the appeal (CPLR 5528 [a] [5]; 22 NYCRR 670.17 [h]). The People twice filed appendices with this court; however those appendices do not contain a crucial portion of the hearing before Justice Friedmann at which testimony was proffered in support of the defendant's motion to dismiss the indictment. Moreover, the People's brief and appendix omit any reference to this deficiency, despite the fact that they have been on notice of the defendant's argument and that he had been granted leave to renew his motion to dismiss. The People have neither attempted to obtain a copy of the missing transcript nor have they advanced a reasonable excuse for their failure to do so. Under these circumstances we deem it appropriate to grant the defendant's motion and to dismiss the appeal. Mollen, P. J., Kooper, Sullivan and Harwood, JJ., concur.